## Meysenburg et al., *v.* Speer et al., Appellants.

*Contracts—Building contracts—Settlements—Disputed items—Case for jury.*

In an action, on an oral contract to make repairs to a building, the case is for the jury and a verdict for the plaintiff will be sustained, when the evidence tends to show that there were two separate contracts for the repairs of the same building, and the issue between the parties, is whether or not both contracts were adjusted in the same settlement.

Where the evidence raises a clear issue of fact, relative to the inclusion of both contracts, in the amount paid by the defendant, the case is properly submitted to a jury.

Argued May 2, 1919. Appeal, No. 133, April T., 1919, by defendants, from judgment of C. P. Allegheny Co., April T., 1917, No. 770, on verdict for plaintiffs in case of F. W. Meysenburg and Howard B. Payne, Partners, Trading as Front Construction Company, v. J. B. Speer and A. M. Speer, Executors of the last will and testament of Ellen C. Speer, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Assumpsit on contract for labor and material furnished. Before REID, J.

The facts appear by the opinion of the court below discharging rule for judgment n. o. v.

This is a motion ex parte defendants for judgment non obstante veredicto. A motion for a new trial had also been made by defendants, but on argument, as appeared by endorsement thereon, it was withdrawn, counsel stat-

ing that they would rely entirely upon the motion for judgment n. o. v.

Plaintiffs were contractors and builders and defendants are the executors of Ellen C. Speer, deceased, who was the owner of the building upon which the work was done by the plaintiffs' firm, out of which the controversy between the parties arose.

It being desired to make alterations and repairs to one of the decedent's buildings, plaintiffs aver that they were solicited by the owner's agent to bid upon the placing therein of a store front and that the parties entered into a verbal agreement by which such front was to be installed for which plaintiffs were to be paid the net sum of $414. They also aver that they did certain extra work and furnished extra materials (on a time and material basis) not included in any other contract, for which they claim a total of $72.11, thus making plaintiffs' entire claim for which suit was brought $486.11.

Defendants deny that there was a separate contract entered into for the store front, but do not deny, however, that extra work and material to the amount of $72.11 was done and furnished. They, however, averred that the work and materials entering into the plaintiffs' demand for the store front was included in another contract by which plaintiffs undertook upon the basis of time and material plus ten per cent for their services to make general repairs to the store building in question, the cost of which, as indicated by the bills and statements in evidence, aggregated $2,813.37. Defendants also maintained that on June 28, 1916, they paid the plaintiffs, and plaintiffs received in full of all claims, the sum of $600.25, which was intended to, and did, include the extras above specified as well as all claims for work and materials entering into the installation of the store front above referred to.

A voucher, Exhibit A, dated June 28, 1916, was offered in evidence as indicating this final settlement. It is as follows:

"Speer Bros., Agents,          To Front Construction Co.
"1916

"June 28  Received from Speer Bros., Agents, for account of Mrs. Ellen C. Speer, six hundred and 25/100 dollars, being in full of account and covering all claims for work done and materials furnished on property of owner at 948 Liberty Avenue, Pittsburgh, Pennsylvania, as per sundry receipts and memorandum previously given and also hereto attached, $600.25.

"Pittsburgh, Pa., June 28, 1916.

"Received from Speer Bros., Agents, in full of the above account, $600.25.

"(Signed)  Front Construction Co.

"F. W. M."

Attached to, and forming a part of, above voucher was an itemized statement of the plaintiffs' account showing numerous items charged for labor as well as items for materials furnished by plaintiffs and which went into the building. These items defendants maintain included all the work done by the plaintiffs and material furnished by them for which the defendants are liable.

Aside from the position that as a matter of law this voucher was final and conclusive and necessarily included all of the plaintiffs' demands of every kind, defendants offered testimony to the effect that at the time of the delivery of the voucher and the payment of the money mentioned in it plaintiffs' representative was asked whether the amount included all of the plaintiffs' demands and replied that it did. This, however, was denied by the plaintiffs' representative, who testified that not only did he not make such statement but that was not intended to include in the voucher the bill for the store front or the extras because all the items entering into those charges were not at that time available, and for the further reason that he had been requested by Mr. Mitchell, defendants' agent, to withhold for the time being the bill for the store front. Mr. Mitchell corroborates plaintiffs' representative in saying that the bill for the store

front was not specifically mentioned at the time of the preparation and delivery of the voucher, exhibit A. This voucher refers to, and make a part of it, "the receipt and memorandum previously given and also hereto attached."

Plaintiffs were permitted to show that the items appearing in their account thus appended to the voucher, did not comprise any of those for work and material entering into the store front, which they contend was entirely a separate matter.

That they were not thus included, appears from exhibit No. 1 (Plaintiffs' book of accounts) and exhibit No. 2, being a list of items taken from exhibit No. 1. This book bears evidence of genuineness, being the current book of accounts kept by plaintiffs for all their similar transactions at the time; and it shows among other things that the plaintiffs did keep in it separate accounts—one for the "Time and Material" going into the general contract for repairs, and the other for "Store Front" by which the items for each were indicated.

The court refused to charge, as requested by the defendants, that the voucher, exhibit A, was conclusive evidence of a final settlement, accord and satisfaction which prevented the plaintiffs from recovering, but left it to the jury to determine whether, under all the facts, the parties did finally settle all their differences and the plaintiffs did intend such settlement to be in full and lead the defendants to believe that no further claims or demands then existed against the defendants.

Upon examination of the evidence submitted, including all of the accounts referred to and the testimony of the witnesses, we are convinced that the voucher was not conclusive of the rights of the parties and that the evidence was properly admitted as to the actual state of those accounts and as to the facts and purposes which the parties had in view when the transaction of June 28, 1916, was closed. There was, in consequence, a question of fact for the jury's determination; and by its verdict

for the full amount of plaintiffs' claim, it found that the bill for the store front and the extras in question were not included in the settlement.

That the issue in the case was one of fact with reference to the transaction occurring at the time of the alleged settlement, is evidenced from the manner in which defendants assumed the burden of endeavoring to prove not only the execution and delivery of exhibit "A" but all the facts connected with it, including the declarations alleged to have been made by the plaintiffs' representative showing his purpose to effect a final settlement.

In view of the fact that defendants withdrew their motion for a new trial, we have no discretion to consider anything except the merits for the motion for judgment n. o. v.; and as above indicated, as there was clearly a question of fact necessarily to be submitted to the jury, we must overrule defendants' motion and refuse the judgment moved for.

Verdict for plaintiffs for $549.30 and judgment thereon. Defendants appealed.

*Error assigned*, among others, was the refusal of defendants' motion for judgment n. o. v.

*W. D. N. Rogers*, of *Richardson & Rogers*, and with him *E. E. Fulmer*, for appellants.—The settlement between the parties included both contracts and was final: Rhodes's Est., 189 Pa. 460; Crawford v. Oil City, 189 Pa. 415; Daly v. Dallmyer, 20 Pa. Superior Ct. 368; Flynn v. Hurlock, 194 Pa. 462; Harlow v. Wilkinsburg, 189 Pa. 443; McDonald v. Piper, 193 Pa. 312; Benseman v. Insurance Co., 13 Pa. Superior Ct. 363.

*Albert Barnes Smith*, for appellee.

OPINION BY HEAD, J., July 17, 1919:

The opinion sur motion for a new trial, filed by the learned court below, clearly sets forth the question of

fact which was submitted to the jury and the circumstances out of which the contention of the parties arose. It is there pointed out that because of the language of the receipt and the incorporation into it of the various bills and memoranda referred to, parol evidence became both competent and necessary in order to determine the true subject of the settlement between the parties.

Being of opinion the view taken by the learned trial judge was the correct one, we can do no better than adopt the opinion referred to and affirm the judgment for the reason therein stated.